IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE KING,

        Plaintiff,                    No. 2:10-cv-3312 GEB KJN P

    vs.

T. LU, et al.,

        Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        On January 21, 2011, findings and recommendations were issued recommending that this action be dismissed based on plaintiff's failure to file a certified copy of his prison trust account statement. On February 7, 2011, plaintiff filed objections and a letter regarding his efforts to obtain a statement. Plaintiff provided a certified trust account statement from La Palma Correctional Facility for November 4, 2010, to January 25, 2011. (Dkt. No. 9-1 at 4-5.) Accordingly, the court will vacate the January 21, 2011 findings and recommendations.

        Plaintiff has submitted a declaration that makes the showing required by

28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges that on August 13, 2010, defendants opened plaintiff's legal mail outside plaintiff's presence. The mail was sent from a law firm and was marked "legal mail." (Dkt. No. 1 at 8.) When plaintiff asked defendant Lu why plaintiff's legal mail would be opened

outside plaintiff's presence, defendant Lu responded, "Sometimes it falls through the cracks." (Dkt. No. 1 at 8.)

"The Supreme Court ha[s] held that [legal] mail may be opened in the presence of the addressee and that prison officials [can] require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981) (citing Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974)). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (citation omitted). It is an open question in the Ninth Circuit whether legal mail may be opened outside of the prisoner's presence. Sherman, 656 F.2d at 528. However, the Ninth Circuit has held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

In the instant complaint, plaintiff alleges one isolated incident of legal mail being inadvertently opened outside plaintiff's presence. This allegation is insufficient to state a cognizable civil rights claim; therefore, the complaint must be dismissed. Because an isolated incident does not rise to the level of a constitutional violation, the complaint should be dismissed without leave to file an amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 21, 2011 findings and recommendations are vacated; and

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1  IT IS HEREBY RECOMMENDED that this action be dismissed without
2 prejudice.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
5 one days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED:  February 10, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

king3312.56